UNITED STATED DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION


FILED
FEB 13 2009

******************************************************

| | | |
|---|---|---|
| BETTY ANN GROSS, for herself and as Personal Representative of the Estate of Merle J. Lohr, Deceased; JESSICA LOHR, an individual; and BETTY ANN GROSS, as Guardian Ad Litem for J.L. and J.L., minor children of Betty Ann Gross and decedent Merle J. Lohr | * * * * * * * * * | CIV. 06-4211 |
| Plaintiffs, | * * | ORDER |
| -vs- | * * | |
| UNITED STATES OF AMERICA, | * * | |
| Defendant. | * * | |

******************************************************

In this Order, the Court will address a letter sent to the Court by Defendant, United States of America, dated February 6, 2009, in which Defendant highlighted legal authority that may have bearing upon the court's decision, *see* Doc. 72, to allow Plaintiffs to proceed *pro se* in this matter. The Court will also address Defendant's Partial Motion for Summary Judgment pursuant to 28 U.S.C. § 2671, Doc. 74, which was filed with the Court on February 6, 2009.

A.   **Defendant's Letter Dated February 6, 2009**

In the Court's Memorandum Opinion and Order of February 5, 2009, Doc. 71, the Court granted summary judgment in favor of Defendant, United States of America, on all of the claims for relief sought by Plaintiff, Ms. Gross, in this matter. In a subsequent Order issued that same day, Doc. 72, the Court granted Plaintiff's Counsel's Motion to Withdraw as Attorney, Doc. 67, and stated that Plaintiffs may proceed to litigate *pro se* the remaining claims by the Estate and

beneficiaries of the Estate[1].

On February 9, 2009, Defendant alerted the Court to a case that has bearing upon the Court's decision to allow Plaintiffs to proceed *pro se* in this matter. In *Jones v. Corr. Med. Serv., Inc.*, 401 F.3d 950 (8th Cir. 2005), the administrator of the decedent's estate, a non-attorney, filed a complaint in federal court alleging, among other things, a claim for medical malpractice. *Id.* at 951. Because the administrator was not the only beneficiary of the decedent's estate, the court in *Jones* granted Defendants motion to dismiss the complaint on the basis that the administrator was illegally engaged in the practice of law on behalf of others. *Id.* (citations omitted).

The Court finds that based on the Eighth Circuit's holding in *Jones*, Ms. Gross is not permitted to litigate the claims of the Estate or beneficiaries of the Estate, with or without their consent, because doing so would amount to engaging in the practice of law on behalf of others.

## B. Defendant's Motion for Summary Judgment Pursuant to 28 U.S.C. § 2671

Defendant has also moved for summary judgment on Plaintiffs' claims based on the initial consultation, surgeries and care through discharge from surgical service on April 23, 2003, that Decedent received at the Minneapolis Veterans Medical Center. Specifically, Defendant argues that the United States is not liable pursuant to 28 U.S.C. § 2671 because the individuals alleged to have committed malpractice are not employees of Defendant, but were contract medical providers.

The Court declines to grant Defendant's motion for summary judgment at this time. The Court must hear all the testimony and evidence regarding the treatment of Decedent in order to

---

[1] In a letter filed with the Court on February 2, 2009, Ms. Gross had indicated her desire to litigate this case *pro se*. In a motion filed with the Court, Doc. 69, Defendant stated that it is prepared for trial and agreed to proceed on that date with Plaintiff acting *pro se*.

evaluate the underlying medical malpractice claim that is present in this case. If the evidence and testimony presented at trial reveal that treatment provided by these individuals at the Minneapolis Veterans Medical Center was a cause in Decedent's death, the Court will consider 28 U.S.C. § 2671 at that time.

For the foregoing reasons, it is hereby ORDERED:

(1) Ms. Gross is not entitled to litigate *pro se* the claims by the Estate or beneficiaries of the Estate. The Court sympathizes with Plaintiffs' desire to see their day in Court, but acknowledges that at this point in time, with trial scheduled to begin in a few weeks, there is no attorney appointed to represent the interests of the Estate and beneficiaries of the Estate in this matter. Accordingly, the Court is obligated to reschedule the trial until the remaining Plaintiffs acquire legal counsel to represent their interests in court.

(2) Defendant's Motion for Summary Judgment pursuant to 28 U.S.C. § 2671 is DENIED.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, Clerk
By /s/ [illegible]
(SEAL) DEPUTY

3